UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,
    Plaintiff,

v.

RODERICK LEE C. AYERS III,
    Defendant.

Case No. MJ19-5256 TLF

DETENTION ORDER

THE COURT conducted a hearing under the Bail Reform Act, 18 U.S.C. § 3142(e),(g) on the government's Motion for Detention (Dkt. 4) on December 12, 2019 and determined that detention is appropriate because no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The defendant is charged in the United States District Court for the District of Alaska with two felony counts, both of which carry a maximum penalty of ten years or more. In Count 1, the Indictment charges Mr. Ayers with attempted distribution of controlled substances – 50 grams or more of actual methamphetamine, under 21 U.S.C. §§ 841(a)(1), (b)(1)(A). In Count 2, the Indictment charges him with attempted distribution of controlled substances—a mixture and substance containing a detectable amount of heroin under 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Charging documents, Dkt. 1. Under Fed. R. Crim. P. 5(c)(2), (3), and 5(d), Mr. Ayers was arrested in Washington State and was brought to the United States District Court for the Western District of Washington for an initial appearance on December 9, 2019. Dkt. 5. Mr. Ayers waived the Fed. R. Crim. P. 5(c)(3) hearing to determine identity and consented to be transferred to the District of Alaska. Dkt. 8.

Under Fed. R. Crim. P. 5(c),(d), it is important for the Court in the arresting jurisdiction to consider the interests of the charging jurisdiction; in this matter, interests

of The United States District Court for the District of Alaska in following up on the Grand Jury's Indictment, and to ensure the defendant appears for proceedings in that Court, are considered. *United States v. Dominguez,* 783 F.2d 702, 704-05 (7th Cir. 1986); *United States v. Savader,* 944 F. Supp. 2d 209, 213-215 (E.D.N.Y. 2013).

The defendant is entitled to a presumption of innocence, and under the Bail Reform Act, the Court is required to determine -- taking into full consideration the defendant's constitutional rights and that the defendant is presumed innocent -- whether the defendant should nevertheless be detained pending trial. *United States v. Motamedi,* 767 F.2d 1403, 1408 (9th Cir. 1985).

A presumption of detention applies in Mr. Ayers' situation, because the Court is required by 18 U.S.C. § 3142(e)(3)(A) to apply the presumption as to both dangerousness and flight risk when a defendant is charged with a felony drug offense that with a maximum sentence of ten years or more. Dkt. 1. The defendant bears the burden of proffering evidence to overcome the presumption. The government maintains the burden of persuading the Court by a preponderance of the evidence that Mr. Ayers is a non-appearance risk, or by clear and convincing evidence that Mr. Ayers is a danger to the community. *United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008). When the defendant offers evidence to rebut the presumption, that does not mean the presumption is erased; the Court may consider the presumption as an evidentiary finding that militates against the defendant's release and weighs the presumption along with all the factors listed in 18 U.S.C. § 3142(g). *Id.*

Although the four factors listed in 18 U.S.C. § 3142(g) permit this Court to consider the nature of the offense currently charged, and the evidence of guilt, these factors are considered only in the context of evaluating the likelihood that the person will fail to appear or will pose a danger. *United States v. Motamedi,* at 1408. Even if a

2

defendant poses a danger to others or to the community, the defendant must be released when the Court determines there would be a "condition or combination of conditions [that] will reasonably assure. . .the safety of any other person and the community." *United States v. Hir,* 517 F.3d 1081, 1091-92 (9th Cir. 2008).

The defendant proffered evidence in this case, but has not overcome the presumption of detention. The government met its burden of showing by a preponderance of the evidence an extreme risk of flight or failure to appear. The government also met its burden of showing by clear and convincing evidence that Mr. Ayers presents a serious risk of dangerousness to others and to the community.

Regarding risk of flight, the defendant absconded from supervision on a King County Superior Court Sentence imposed on 9-20-2013 (government's Ex. 2). The Supplemental Pretrial Services Report, and the government's Ex. 2, show that Mr. Ayers absconded from supervision in April or May of 2014 and he was not apprehended until April 2019. For approximately five years, he absconded from supervision -- this shows that Mr. Ayers disregarded the authority of the King County Superior Court and did not conform his behavior to comply with the terms of his sentence. This evidence overwhelmingly establishes that Mr. Ayers would likely be an extreme flight risk and he also presents a serious risk of failure to appear if he was released on supervision.

Regarding the potential risk of dangerousness, the record indicates that Mr. Ayers engaged in drug-trafficking activities and has admitted to involvement with large-scale illicit drug distribution. Government's Ex. 1 (filed under seal). In addition, the offenses listed in the Indictment show that Mr. Ayers is charged with crimes that occurred during the time when he was on abscond status from the King County Superior Court's sentence. Dkt. 1, Indictment in United States District Court for the District of Alaska, case no. 1:19-cr-00009-TMB-MMS.

The Court considered the defendant's proffer of evidence that he has positive relationships with his girlfriend and her family, he has a job in a restaurant that is owned by his girlfriend's family, he and his girlfriend are expecting a baby, and he has been complying with terms of supervision for several weeks -- after release from the Washington State Department of Corrections in September 2019. Yet Mr. Ayers has failed to overcome the presumption of detention. The defendant asserts that he has recently been a responsible person, following conditions of supervision since release from the Washington State Department of Corrections, but the Court is not persuaded that a few weeks of compliance with terms of supervision would be a reliable measure of his ability to conform his behavior to the law while being supervised in the community. For many years leading up to September 2019, he demonstrated that he cannot comply with terms of supervision and in fact absconded for about five years between 2014 and 2019. During that time, he allegedly was participating to distribute dangerous, illegal drugs such as heroin and methamphetamine. Even with the support of his friends and family, and a position working in the restaurant owned by his girlfriend's family, the longitudinal evidence shows that Mr. Ayers' track record of complying with court-ordered supervision is dismal.

The Government's motion for detention (Dkt. 4) is, for all of the above reasons, GRANTED.

The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for transfer to the United States District Court for the District of Alaska, and for the purpose of an appearance in connection with a court proceeding.

December 13, 2019

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge